■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS EDMUNDS, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered October 26, 1988, convicting defendant, after a trial by jury, of criminal sale of a controlled substance in the third degree and

sentencing him to an indeterminate term of from 6 to 12 years' imprisonment, unanimously affirmed.

In this drug-related "buy-and-bust" operation, defendant had been described by the undercover officer to his backup team, which later arrested defendant. The undercover officer, one hour after the transaction, participated in a confirmatory showup at the precinct, arranged by the arresting officer. Defendant was identified and then processed by the arresting officer, pursuant to which a photograph was taken and placed in a file. Prior to the *Wade* hearing to suppress the arresting officer's identification testimony, the officer reviewed the file and looked at defendant's photograph. The arresting officer, unlike the undercover officer, was able to identify defendant at both the hearing and trial.

The suppression court committed no error in denying defendant's motion. While viewing the photograph was suggestive and could have presented a substantial likelihood of misidentification, the court found an independent source for the arresting officer's testimony. He had been in defendant's company for approximately 22 minutes during the arrest and processing at the precinct. The officer noted that defendant stood out in his mind because at the time of the arrest he expressed a need to be hospitalized. We conclude that the arresting officer's in-court identification of defendant was based upon an independent source, and was untainted *(see, People v Ramos,* 42 NY2d 834; *People v Styles,* 156 AD2d 223, 224).

The *Sandoval* court did not abuse its discretion in permitting inquiry into defendant's prior conviction of sexual abuse and the underlying facts, which it limited so as to preclude the introduction into evidence of any outrageous or heinous aspect of the prior crime. *(People v Bennette,* 56 NY2d 142, 147-149.) The court properly considered the appropriate factors in balancing the probative value of defendant's prior conviction on his credibility against the potential for prejudice arising out of a crime of sexual exploitation. *(People v Bennette, supra.)* The court did not foreclose defendant from demonstrating that the prior conviction arose out of an impulsive, rather than a voluntary and deliberate, act.

We reject defendant's claim that cumulative errors of the court and the prosecutor denied him a fair trial. There was no prejudice in allowing the undercover officer to refer to defendant by name, although he had been unable to identify defendant at trial, because at the time of his confirmatory identification at the precinct, he was told defendant's name. In

any event, the court properly charged the jury that it must be certain that the person in court was the person who had committed the crime. Further, the court did not overstep its bounds in directing two questions to the undercover officer with respect to identification, in an effort to clarify the issue. *(People v De Jesus,* 42 NY2d 519, 523.) Nor do we find any error in the court's ruling and the reference by the prosecutor in summation, that defendant had acted in concert with other parties, since those facts were readily adduced from evidence at trial. The remaining claims of error were not preserved and were we to reach them in the interest of justice, we would find them to be without merit. Concur—Rosenberger, J. P., Kassal, Wallach, Smith and Rubin, JJ.