■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD HORONZY, Also Known as EDWIN MARTINEZ, Appellant.—Judgment, Supreme Court, Bronx County (William H. Wallace III, J.), rendered May 20, 1987, convicting defendant after a jury trial of burglary in the second degree, criminal possession of burglar's tools, and criminal possession of a weapon, and sentencing him as a predicate felon to concurrent terms of imprisonment of from 7½ to 15 years, 1 year, and 15 days, respectively, unanimously affirmed.

Defendant broke into an apartment through the kitchen window, after climbing down the fire escape from the roof. He

was observed by a neighbor watching from across the alleyway, a distance of approximately forty feet. The neighbor testified that she was able to observe defendant through the sheer curtains which hung on her window. After calling 911, she returned to her bedroom and saw defendant exit through the same kitchen window and climb up the fire escape to the roof. Immediately after his apprehension in the vestibule of the witness' building, defendant was identified by her as she viewed him through her front door peephole.

Defendant contends that because the witness saw his photo the morning of her trial testimony, she changed her description of his appearance at the time of the burglary, adding the fact that he had a light beard. Because she had never mentioned this fact before, defendant now claims that this inconsistency demonstrates that the People failed to prove his guilt beyond a reasonable doubt. Issues of identification and credibility are generally within the province of the jury, and even in cases where a witness has failed to mention an unusual characteristic of defendant, such as a mutilated ear *(People v Cruz,* 173 AD2d 320), or a tattoo *(People v Rodriguez,* 167 AD2d 326, *lv denied* 78 NY2d 957), that omission has not rendered the identification insufficient as a matter of law.

Defendant also claims that the witness was shown the photo deliberately, in a police-arranged procedure, which tainted her in-court identification. This claim is belied by the record, which discloses that the viewing was accidental, and, more importantly, took place several days after the *Wade* hearing, at which the witness had testified about the circumstances surrounding her observations of defendant during the burglary, and identified him in court as the burglar. Thus, her subsequent in-court identification just several days later, at the trial, cannot be said to have been tainted by the accidental viewing of the photo in the interim *(compare, People v Edmunds,* 166 AD2d 273, *lv denied* 77 NY2d 905; *People v Perez,* 139 AD2d 460, *affd* 74 NY2d 637). Concur—Murphy, P. J., Wallach, Kupferman and Ross, JJ.