█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL ALAVA, Appellant. [628 NYS2d 868] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Reilly, Jr., J.), rendered April 16, 1993, upon a verdict convicting defendant of the crimes of rape in the first degree (six counts) and sexual abuse in the first degree (two counts).

In January 1992 the victim, then 10 years of age, complained to her mother that she was experiencing stomach pains and vaginal bleeding and thereafter disclosed that defendant had raped and sexually abused her. She was taken to the emergency room of the local hospital where an examination revealed a dilated hymen consistent with a trauma such as intercourse. Police investigation caused defendant to be arrested and indicted on six counts of rape in the first degree and two counts of sexual abuse in the first degree.

At trial, the victim testified to three separate incidents of intercourse occurring on November 2, 1991, December 5, 1991 and January 10, 1992. Defendant testified on his own behalf and offered an alibi defense through the testimony of numerous witnesses. He was convicted on all counts of the indictment and sentenced to terms of imprisonment of 6 to 18 years

on each conviction of rape in the first degree and 2 to 6 years on each conviction of sexual abuse in the first degree. Defendant appeals.

Defendant correctly contends that County Court erred in charging the jury that his alibi defense is an affirmative defense and, while we note that defendant failed to object to the charge, we may nonetheless review said charge in the interest of justice (*see, People v Robinson*, 36 NY2d 224). We are not, however, convinced, after a thorough review of the record, that justice requires a reversal on this basis.

In reaching this conclusion, we recognize that County Court's charge to the jury included repeated reminders that the People are required to prove each and every element of the crime charged beyond a reasonable doubt and that the burden of proof never shifts to the defense (*see, People v Perez*, 184 AD2d 665, *lv denied* 80 NY2d 932; *People v Moya*, 115 AD2d 769). Moreover, there is no significant probability that a different verdict would have been reached had County Court given a proper charge (*see generally, People v Brian*, 84 NY2d 887; *People v Fields*, 76 NY2d 761; *People v Moore*, 202 AD2d 1046, *lv denied* 84 NY2d 830).

Defendant also urges reversal on the ground of ineffective assistance of counsel, contending that his attorney failed to object to County Court's improper alibi charge, mishandled alibi notices, failed to deliver a cohesive summation and committed other errors. In rejecting this argument, we reiterate the well-settled principle that the "constitutional requirement of effective assistance of counsel will be satisfied when 'the evidence, the law, and the circumstances of a particular case, viewed in *totality and as of the time of the representation,* reveal that the attorney provided meaningful representation' " (*People v Flores*, 84 NY2d 184, 187, quoting *People v Baldi*, 54 NY2d 137, 147 [emphasis in original]). Here, we find the record replete with evidence indicating that counsel vigorously and diligently represented his client, exercising a "single-minded devotion to his client's best interests and representation" (*People v Flores, supra,* at 189).

We have reviewed defendant's remaining contentions and find them to be without merit.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Schenectady County for further proceedings pursuant to CPL 460.50 (5).