OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 As part of the New York City Police Department’s investigation into the sale of heroin in Upper Manhattan, an undercover officer engaged in a brief conversation with defendant, defendant made a telephone call and then the officer purchased drugs. The transaction, including the officer’s conversation with defendant, was recorded on videotape, which contained an audio component. The People sought to introduce the videotape into evidence at trial. Defense counsel, who had a copy of the tape and an opportunity to review it with his client, moved for an audibility hearing. The Trial Judge — with counsel, but not defendant, present — first listened to the tape, to determine sound quality. He then ruled, in defendant’s presence, that the
 
 *910
 
 tape was audible and would be admitted. Defense counsel, however, argued that portions of the tape were inaudible and should be excluded. The Judge heard and rejected defendant’s arguments, and the tape was played for the jury. Defendant was convicted of second-degree conspiracy and second-degree criminal sale of a controlled substance. On appeal, he argued that his right to be present at a material stage of trial had been impaired. The Appellate Division affirmed his conviction, as do we.
 

 The Trial Judge did not exclude defendant from a material stage of trial when he first simply listened to the tape, outside defendant’s presence, to determine sound quality. No arguments were heard at that juncture. Under these circumstances, defendant’s presence would have been “ ‘useless or the benefit but a shadow’ ”
 
 (People v Velasco,
 
 77 NY2d 469, 473, quoting
 
 Snyder v Massachusetts,
 
 291 US 97, 106-107). Indeed, defendant and his counsel, who previously had a copy of the tape, were present for all arguments regarding the tape’s audibility and the Judge’s rulings with respect thereto. Defendant’s remaining argument is without merit.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed in a memorandum.