■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE C. ENGLERT, Appellant. [727 NYS2d 680] —Judgment unanimously affirmed. Memorandum: On appeal from a judg-

ment convicting him after a jury trial of two counts of sexual abuse in the first degree (Penal Law § 130.65 [2]), defendant contends that County Court's *Sandoval* ruling constituted an abuse of discretion (*see, People v Sandoval*, 34 NY2d 371). By failing "to raise any objection to the court's ultimate ruling," defendant has failed to preserve that contention for our review (*People v McAllister*, 245 AD2d 184, *lv denied* 91 NY2d 894; *see, People v Sides*, 265 AD2d 907, 908). In any event, that contention lacks merit. The court properly exercised its discretion in permitting questioning concerning a 1994 misdemeanor conviction while precluding questioning concerning felony convictions dating back more than 12 years before the instant offense.

By failing to object to the admission of medical and forensic evidence, defendant failed to preserve for our review his contentions that the prosecutor engaged in misconduct by offering that evidence and that the court erred in admitting it (*see,* CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Further, defendant failed to preserve for our review his contention that the evidence is legally insufficient because prosecution witnesses were intoxicated on the night of the incident (*see, People v Gray*, 86 NY2d 10, 19). In any event, "the state of the witnesses' intoxication and its effect upon their ability to observe and recall distilled merely to a credibility issue" (*People v Wrigglesworth*, 204 AD2d 758, 760).

We reject the contention of defendant that he was denied effective assistance of counsel. Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147). Defendant's contention that defense counsel had a conflict of interest "is based on material dehors the record, and thus the appropriate procedural vehicle is a motion pursuant to CPL 440.10" (*People v Wooten*, 283 AD2d 931, 933; *see, People v Watson*, 269 AD2d 755, 756, *lv denied* 95 NY2d 806).

The sentence is neither unduly harsh nor severe. Finally, we have reviewed defendant's remaining contention and conclude that it lacks merit. (Appeal from Judgment of Steuben County Court, Furfure, J.—Sexual Abuse, 1st Degree.) Present—Pigott, Jr., P. J., Green, Pine, Scudder and Burns, JJ.