■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HINGINO BATISTA, Appellant. [748 NYS2d 729] —Judgment, Supreme Court, New York County (Megan Tallmer, J.), rendered October 25, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first and second degrees, and sentencing him to concurrent terms of 15 years to life and five years to life, respectively, unanimously affirmed.

After thorough proceedings in which the court listened to the foreign language tapes at issue and heard from several different interpreters who had also listened to the tapes, the court properly determined that the tapes were sufficiently audible to be received in evidence, since the few words that were inaudible would not affect the meaning of the conversations so as to create a danger that the jury would speculate about the contents of the tapes (*see People v Rivera*, 257 AD2d 172, 178, *affd* 94 NY2d 908). Furthermore, sufficient proof was adduced as to the accuracy of the People's English transcriptions of the tapes. Since defendant expressly consented to the procedure ultimately employed by the court to determine the tapes' audibility, his present challenges to that procedure are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

The court properly exercised its discretion in denying defendant's request for an agency charge since there was no reasonable view of the evidence, viewed most favorably to defendant, that he acted solely on behalf of the buyer (*see People v Herring*, 83 NY2d 780). The evidence, including defendant's own testimony, clearly established that defendant engaged in these large-scale drug transactions for his own profit.

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the prosecutor did not shift the burden of proof or inject his personal views, and that there is no basis for reversal (*see People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Williams, P.J., Nardelli, Andrias and Marlow, JJ. [*See* 183 Misc 2d 203.]