■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ALVAREZ, Appellant. [757 NYS2d 287] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered October 11, 2000, convicting defendant, after a jury trial, of attempted robbery in the first and second degrees, and sentencing him, as a second violent felony offender, to concurrent terms of 10 and 6 years, respectively, unanimously affirmed.

The record establishes that defendant, with the advice of counsel, knowingly, intelligently and voluntarily waived his right to attend robing room conferences with prospective jurors (see People v Keen, 94 NY2d 533 [2000]). The challenged portions of the prosecutor's voir dire properly sought information that was relevant to jury selection. To the extent any such comments could have been understood by prospective jurors as instructions on the law, any resulting prejudice was eliminated by the prosecutor's statement that the trial court would instruct them later, and by the trial court's instructions to the jury (see People v Ramirez, 284 AD2d 161 [2001], lv denied 97 NY2d 687 [2001]; People v Hart, 176 AD2d 148 [1991], lv denied 79 NY2d 827 [1991]). Similarly, any prejudice caused by improper comments in the prosecutor's opening statement was eliminated by the trial court's explicit instructions, prior to opening statements, that anything said in opening statements is not evidence (see People v Wellington, 267 AD2d 56 [1999], lv denied 94 NY2d 908 [2000]). The challenged portions of the prosecutor's summation were fair responses to the defense summation attacking the credibility of the complaining witness (see People v Halm, 81 NY2d 819 [1993]). Defendant's argument that he was denied effective assistance of counsel because

his lawyer did not move to suppress the showup identification fails to show that there was no strategic or other legitimate reason for not making the motion (*see People v Rivera*, 71 NY2d 705, 709 [1988]). In its *Sandoval* ruling, the trial court properly balanced the appropriate factors in allowing the People to inquire into defendant's only conviction, for criminal possession of a weapon in the third degree, while disallowing inquiry into the underlying facts of the conviction, including the date and location of the incident, and also disallowing any mention of the term "violent" to describe the prior felony conviction (*see People v Williams*, 56 NY2d 236 [1982]).

We perceive no basis for reduction of sentence. Concur— Tom, J.P., Mazzarelli, Andrias, Rosenberger and Williams, JJ.