■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON C. CAIN, Appellant. [779 NYS2d 698]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered July 16, 2002. The judgment convicted defendant, after a jury trial, of burglary in the second degree, grand larceny in the fourth degree, petit larceny, and criminal possession of stolen property in the fourth and fifth degrees.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), grand larceny in the fourth degree (§ 155.30 [1]), petit larceny (§ 155.25), criminal possession of stolen property in the fourth degree (§ 165.45 [1]), and criminal possession of stolen property in the fifth degree (§ 165.40). Defendant failed to preserve for our review his contention that County Court erred in failing to charge the jury that the People have the burden to disprove defendant's alibi defense beyond a reasonable doubt (*see People v Whalen,* 59 NY2d 273, 279-280 [1983]). Preservation is required inasmuch as the failure to so charge did not "improperly shift[ ] the burden of proof to defendant" (*People v Jackson,* 167 AD2d 893, 893 [1990]). In any event, we conclude that any error is harmless (*see People v Alava,* 216 AD2d 794, 795 [1995], *lv denied* 87 NY2d 897 [1995]; *see also People v Brian,* 84 NY2d 887, 889 [1994]).

We also reject defendant's contention that the court erred in allowing the People to cross-examine defendant's mother with respect to her failure to come forward with exculpatory alibi proof prior to trial. The People laid the proper foundation for that cross-examination by establishing that defendant's mother was aware of the nature of the charges, had reason to recognize that she had exculpatory information, had a reasonable motive to act to exonerate defendant, and was familiar with the means of making the information available to law enforcement authorities (*see People v Miller,* 89 NY2d 1077, 1079 [1997]). Here, defendant's mother failed to tell the police that her son was with her at the time the crimes were committed despite being questioned by the police on several occasions concerning her son's involvement in the crimes. Finally, the record does not support defendant's contention that the jury was left with the mistaken impression that the key prosecution witness was testifying against his penal interest and was subject to further prosecution (*cf. People v Carter,* 40 NY2d 933, 934 [1976]; *People v Clark,* 195 AD2d 988, 990 [1993]). Although upon questioning by the prosecutor the witness testified that he had not been granted immunity or promised leniency with respect to his testimony before the grand jury, it was further explained that the witness was offered a plea bargain that was conditioned upon his cooperation with the prosecution. Present—Pigott, Jr., P.J., Gorski, Martoche, Lawton and Hayes, JJ.