■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMON BROWN, Appellant. [790 NYS2d 912]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered December 15, 2003. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), defendant contends that County Court's *Sandoval* ruling constitutes an abuse of discretion. "By failing 'to raise any objection to the court's ultimate ruling,' defendant has failed to preserve that contention for our review" (*People v Englert*, 285 AD2d 987, 987 [2001], *lv denied* 97 NY2d 655 [2001]; *see People v Combo*, 291 AD2d 887 [2002], *lv denied* 98 NY2d 650 [2002]). In any event, we conclude that defendant's contention lacks merit. Although the court by its ruling permitted the People to ask defendant whether he had been convicted of the crimes of sexual abuse in the first degree and attempted burglary in the third degree, the court prohibited questioning concerning the underlying facts of those felony convictions and further prohibited any questioning concerning defendant's misdemeanor convictions and violations. We reject the contention of defendant that the patent prejudicial effect of questioning concerning his prior conviction of sexual abuse in the first degree in effect rendered such questioning improper as a matter of law. There are no "fixed rules prohibiting or allowing the use for credibility purposes of prior offenses based solely upon the potentially inflammatory impact of the crime or the victim involved, even in the sensitive area of sex offenses" (*People v Bennette*, 56 NY2d 142, 147 [1982]; *see People v Edmunds*, 166 AD2d 273, 274 [1990], *lv denied* 77 NY2d 905 [1991]). Finally, the sentence is not unduly harsh or severe. Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.