■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE PONDER, Appellant. [796 NYS2d 472]—

Appeal from a judgment of the Monroe County Court (Dennis

M. Kehoe, J.), rendered February 27, 1998. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts) and grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of robbery in the first degree (Penal Law § 160.15 [2], [4]) and one count of grand larceny in the fourth degree (§ 155.30 [1]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit. The manager of an establishment in proximity to the bar where the robbery occurred observed a man leave the bar and enter a maroon vehicle. The manager followed the maroon vehicle in his own vehicle, and he observed three men in the vehicle. When the vehicles were stopped at a red light, there was also a police vehicle stopped at the same light. The manager advised the police that the men in the maroon vehicle had committed the robbery at the bar. The police thereafter pulled the vehicle over, at which time two of the three occupants ran in different directions. Two police officers chased the man subsequently identified as defendant by one of the two officers during a showup identification procedure. Although the officer who identified defendant at the showup did not see more than a profile of defendant's face, he identified defendant by his boots, clothing and distinctive hairstyle. The man chased by the officers was wearing a black hooded sweatshirt and a leather jacket and, when defendant was apprehended by other officers, he was wearing a black hooded sweatshirt and breathing heavily. A witness testified that she observed defendant remove his leather jacket and throw it under a truck. We therefore conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (*People v Bleakley*, 69 NY2d 490, 495 [1987]).

We further conclude that the verdict is not against the weight of the evidence. Although defendant presented the testimony of his sister in support of his alibi defense, that testimony accounted for defendant's whereabouts only until 30 minutes before the robbery. Even assuming, arguendo, that a different result would not have been unreasonable, we conclude that there is no basis upon which to determine that the jury failed to give the evidence the weight it should be accorded (*see id.*).

By failing to object to the jury charge, defendant failed to preserve for our review his contentions that County Court erred

in failing to instruct the jury that the People had the burden to disprove defendant's alibi defense beyond a reasonable doubt (*see People v Cain*, 9 AD3d 827, 828 [2004], *lv denied* 3 NY3d 671 [2004]) and in failing to issue a proper circumstantial evidence charge, nor did he preserve for our review his contentions that the court improperly bolstered the testimony of a police witness and improperly marshaled the evidence (*see generally People v Robinson*, 88 NY2d 1001, 1001-1002 [1996]). In any event, those contentions are without merit.

Defendant failed to seek suppression of the identification evidence from the showup identification procedure and therefore failed to preserve for our review his contention that the procedure was unduly suggestive (*see People v Amin*, 294 AD2d 863, 863-864 [2002], *lv denied* 98 NY2d 672 [2002]). In any event, that contention is without merit inasmuch as the showup was conducted at the scene of the crimes within an hour of their commission (*see People v Brisco*, 99 NY2d 596, 597 [2003]). The fact that defendant was standing in front of a police vehicle does not render the procedure unduly suggestive (*see generally People v Duuvon*, 77 NY2d 541, 544-546 [1991]; *People v Smith*, 289 AD2d 1056, 1057-1058 [2001], *lv denied* 98 NY2d 641 [2002]). Contrary to defendant's further contention, the CPL 710.30 notice with respect to the police officer who identified defendant was sufficient. The notice advised defendant of the time and place of the identification, and the officer was identified by name at the arraignment (*see People v Mayers*, 233 AD2d 407 [1996], *lv denied* 89 NY2d 944 [1997]).

Defendant failed to object to the court's "ultimate" *Sandoval* ruling and thus failed to preserve for our review his contention concerning that ruling (*People v Englert*, 285 AD2d 987, 987 [2001], *lv denied* 97 NY2d 655 [2001]; *see People v Brown*, 16 AD3d 1102 [2005]). In any event, we conclude that the court properly balanced the prejudicial effect of questioning concerning the facts underlying certain prior convictions and a prior arrest and the fact that defendant was previously convicted of a felony against the potential for undue prejudice arising from such questioning (*see People v Thompson*, 295 AD2d 917, 918 [2002], *lv denied* 98 NY2d 772 [2002]). The sentence is not unduly harsh or severe.

Defendant failed to preserve his remaining contentions for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Green, J.P., Hurlbutt, Scudder, Pine and Lawton, JJ.