■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TED O'CONNOR, Appellant. [795 NYS2d 917]—Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered September 26, 2001. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree and robbery in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of robbery in the second degree (Penal Law § 160.10 [1]) and robbery in the third degree (§ 160.05). Defendant failed to preserve for our review his present contention that the People failed to establish that he was "aided by another person actually present" and thus that the conviction of robbery in the second degree is not supported by legally sufficient evidence (§ 160.10 [1]; *see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant failed to object to County Court's "ultimate" *Sandoval* ruling and therefore also failed to preserve for our review his contention that the court's *Sandoval* ruling constitutes an abuse of discretion (*People v Englert*, 285 AD2d 987, 987 [2001], *lv denied* 97 NY2d 655 [2001]; *see People v Ponder*, 19 AD3d 1041 [2005]; *People v Brown*, 16 AD3d 1102 [2005]). In any event, we conclude that the court properly exercised its discretion in determining "whether the probative worth of evidence of other [convictions and the facts underlying those convictions] on the issue of defendant's credibility outweighs the risk of unfair prejudice to him" (*People v Pavao*, 59 NY2d 282, 292 [1983]). The sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Martoche, Pine and Lawton, JJ.