■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CAITO, Appellant. [807 NYS2d 755]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered September 24, 2002. The judgment convicted defendant, upon a jury verdict, of felony driving while intoxicated.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]). Because voir dire was not transcribed, we are unable to review the contention of defendant that County Court erred in denying his challenge for cause to a prospective juror (*see People v Degondea,* 256 AD2d 39, 40 [1998]; *People v Piermont,* 180 AD2d 830 [1992], *lv denied* 79 NY2d 1006 [1992]). We reject the further contentions of defendant that the court was required to question him before accepting defense counsel's waiver of the transcription of voir dire (*see generally People v Velasquez,* 1 NY3d 44, 49 [2003]), and that defense counsel's waiver constituted ineffective assistance of counsel (*see generally People v Snider,* 2 AD3d 1452, 1453 [2003], *lv denied* 1 NY3d 634 [2004]).

Defendant failed to object to the court's ultimate *Sandoval* ruling and thus failed to preserve for our review his contention that the ruling constitutes an abuse of discretion (*see People v Brown,* 16 AD3d 1102 [2005], *lv denied* 5 NY3d 760 [2005]; *People v Englert,* 285 AD2d 987 [2001], *lv denied* 97 NY2d 655 [2001]; *People v McAllister,* 245 AD2d 184 [1997], *lv denied* 91 NY2d 894 [1998]). In any event, his contention is without merit. The court refused to allow any inquiry with respect to several convictions, allowed inquiry with respect to the facts and circumstances of five convictions and, with respect to the remaining convictions, limited the inquiry to whether defendant had been convicted of a crime in a certain month and year. The court's ruling "balanced the appropriate factors and was a proper exercise of discretion" (*McAllister,* 245 AD2d at 184). Contrary to defendant's further contention, "there is no indication that the sentence imposed was 'inflicted as punishment for insisting upon a trial' " (*People v Jurjens,* 291 AD2d 839, 840 [2002], *lv denied* 98 NY2d 652 [2002]). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Scudder, Martoche and Hayes, JJ.