■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WHITE, Appellant. [810 NYS2d 701]—Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered November 24, 2004. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree, grand larceny in the fourth degree and assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the second degree (Penal Law § 160.10 [2] [a]), grand larceny in the fourth degree (§ 155.30 [5]) and assault in the second degree (§ 120.05 [6]). Contrary to defendant's contention, the evidence is legally sufficient to establish that the victim sustained a physical injury within the meaning of Penal Law § 10.00 (9) and thus is legally sufficient to support the conviction of robbery and assault (*see People v Bowen*, 17 AD3d 1054, 1055-1056 [2005], *lv denied* 5 NY3d 759 [2005]; *People v Goico*, 306 AD2d 828, 828-829 [2003]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). "Defendant failed to object to County Court's 'ultimate' *Sandoval* ruling and therefore . . . failed to preserve for our review his contention that the . . . ruling constitutes an abuse of discretion" (*People v O'Connor*, 19 AD3d 1154, 1155 [2005], *lv denied* 5 NY3d 831 [2005]; *see People v Englert*, 285 AD2d 987 [2001], *lv denied* 97 NY2d 655 [2001]). In any event, we conclude that the court's *Sandoval* ruling does not constitute an abuse of discretion (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Taylor*, 11 AD3d 930 [2004], *lv denied* 4 NY3d 749 [2004]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Hayes, JJ.