■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY BONES, Appellant. [856 NYS2d 408]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered April 25, 2003. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and rape in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [2]) and rape in the second degree (§ 130.30 [1]), defendant contends that County Court erred in refusing to allow him to elicit testimony that the victim was not sexually active prior to the incident. We reject that contention. The court properly determined that CPL 60.42, which concerns the admissibility of evidence of a victim's past sexual activity, also concerns the admissibility of evidence of the absence of sexual activity on the part of the victim (see generally People v Williams, 81 NY2d 303, 311 [1993]; People v Nemie, 87 Cal App 3d 926, 929, 151 Cal Rptr 32, 34 [1978]). Defendant's contention that the verdict is against the weight of the evidence also lacks merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The jury was entitled to credit the testimony of the victim and her aunt, and we accord great deference to the jury's "opportunity to view the witnesses, hear the testimony and observe demeanor" (id.).

Defendant further contends that he was deprived of a fair trial based on prosecutorial misconduct during summation. Defendant failed to object to several of the allegedly improper comments and thus failed to preserve for our review his contention with respect to those comments (see People v Hess, 234 AD2d 925 [1996], lv denied 90 NY2d 1011 [1997]), and we decline to exercise our power to review his contention with respect thereto as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We note in addition that the court "took appropriate steps to dilute [the] effect" of the prosecutor's comments concerning facts that were not in evidence (People v Curley, 159 AD2d 969, 970 [1990], lv denied 76 NY2d 733 [1990]). The remaining comments to which defendant objected

were "a fair response to defense counsel's summation and did not exceed the bounds of legitimate advocacy" (*People v Melendez*, 11 AD3d 983, 984 [2004], *lv denied* 4 NY3d 888 [2005]; *see also People v Arce*, 42 NY2d 179, 190 [1977]).

The court did not abuse its discretion in denying defendant's request for an adjournment because of the pregnancy of the victim and another prosecution witness. "The court's exercise of discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice" (*People v Arroyo*, 161 AD2d 1127, 1127 [1990], *lv denied* 76 NY2d 852 [1990]), and defendant has failed to make the requisite showing of prejudice. We reject defendant's further contention that the photo array was unduly suggestive. The photo array did not "draw[ ] the viewer's attention so as to indicate that the police ha[d] selected a particular individual" (*People v Parker*, 257 AD2d 693, 694 [1999], *lv denied* 93 NY2d 1024 [1999]). Defendant failed to preserve for our review his contention that the court's *Sandoval* ruling constituted an abuse of discretion (*see People v O'Connor*, 19 AD3d 1154, 1155 [2005], *lv denied* 5 NY3d 831 [2005]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We have considered defendant's remaining contention and conclude that it is without merit. Present— Hurlbutt, J.P., Martoche, Fahey, Green and Gorski, JJ.