■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON GARNER, Appellant. [860 NYS2d 371]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered August 9, 2006. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, robbery in the second degree and intimidating a victim or witness in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of robbery in the first degree (Penal Law § 160.15 [4]), robbery in the second degree (§ 160.10 [1]) and intimidating a victim or witness in the third degree (§ 215.15 [1]), defendant contends that the evidence is legally insufficient to support the conviction. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We also reject defendant's contention that the verdict is against the weight of the evidence (*see generally id.*). Where, as here, witness credibility is of paramount importance, we accord "[g]reat deference . . . to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*id.*). Defendant failed to preserve for our review his further contention that he was denied a fair trial based on prosecutorial misconduct (*see People v Bones*, 50 AD3d 1527 [2008]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We conclude that Supreme Court properly allowed the People to cross-examine defendant's alibi witnesses concerning their pretrial silence inasmuch as the People established an appropriate foundation for that questioning (*see People v Dawson*, 50

NY2d 311, 321 [1980]; *People v Cain*, 9 AD3d 827, 828 [2004], *lv denied* 3 NY3d 671 [2004]). The court also properly allowed the People to treat a prosecution witness as a hostile witness (*see People v Smith*, 286 AD2d 878 [2001], *lv denied* 98 NY2d 641 [2002]; *People v Davis*, 163 AD2d 826 [1990], *lv denied* 76 NY2d 939 [1990]). Inasmuch as defendant failed to request a missing witness charge until after the close of proof, his request was properly denied as untimely (*see People v France*, 265 AD2d 424 [1999], *lv denied* 94 NY2d 823 [1999]). Finally, we conclude that the court did not abuse its discretion in denying defendant's request for youthful offender status (*see People v Pappas*, 198 AD2d 918 [1993], *lv denied* 82 NY2d 928 [1994]; *see generally People v Drayton*, 39 NY2d 580, 584 [1976], *rearg denied* 39 NY2d 1058 [1976]), and that the sentence is not unduly harsh or severe.

Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of intimidating a victim or witness in the third degree under Penal Law § 215.15 (4), and it must therefore be amended to reflect that he was convicted under Penal Law § 215.15 (1) (*see People v Saxton*, 32 AD3d 1286 [2006]). Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.