■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE E. MILLER, Appellant. [873 NYS2d 415]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered January 8, 2007. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]) and robbery in the second degree (§ 160.10 [1]). Contrary to the contention of defendant, "[o]n the record here, it cannot be said as a matter of law that [County Court] erred in finding that defendant was capable of understanding the immediate import of the *Miranda* warnings. Indeed, defendant's expert witness[ ] testified to that effect" (*People v Williams*, 62 NY2d 285, 290 [1984]). Based upon the evidence at the suppression hearing, the court properly determined that "[t]he People met 'their initial burden of establishing the legality of the police conduct and defendant's waiver of rights,' and defendant failed to establish that he did not waive those rights, or that the waiver was not knowing, voluntary and intelligent" (*People v Grady*, 6 AD3d 1149, 1150 [2004], *lv denied* 3 NY3d 641 [2004]).

The general motion by defendant for a trial order of dismissal is insufficient to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, that challenge lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Further, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his contentions that he was deprived of a fair trial by prosecutorial misconduct on summation (*see* CPL 470.05 [2]; *People v Smith*, 32 AD3d

1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]), and that the prosecutor improperly usurped the role of the court by providing the jury with legal instructions (*see People v France*, 265 AD2d 424 [1999], *lv denied* 94 NY2d 823 [1999]). In any event, those contentions are without merit. The further contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to challenge the impartiality of a juror concerns matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (*see People v Keith*, 23 AD3d 1133, 1134-1135 [2005], *lv denied* 6 NY3d 815 [2006]). Insofar as defendant may be deemed to contend that he was denied effective assistance of counsel based on defense counsel's representation viewed in its entirety, we conclude that defendant's contention lacks merit (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his present challenge to that ruling (*see People v Caito*, 23 AD3d 1135 [2005]; *People v Rodriguez*, 21 AD3d 1400 [2005]). In any event, that contention lacks merit (*see generally People v Hayes*, 97 NY2d 203, 207-208 [2002]).

The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.