■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WALKER, Appellant. [885 NYS2d 791]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered April 26, 2006. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). His sole contention on appeal is that County Court's *Sandoval* ruling constitutes an abuse of discretion. By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve that contention for our review (*see People v Miller*, 59 AD3d 1124, 1125 [2009], *lv denied* 12 NY3d 819 [2009]; *People v Ponder*, 19 AD3d 1041, 1043 [2005], *lv denied* 5 NY3d 809 [2005]; *People v O'Connor*, 19 AD3d 1154, 1154-1155 [2005], *lv denied* 5 NY3d 831 [2005]). In any event, we conclude that defendant's contention lacks merit.

Contrary to defendant's contention, the record establishes that the court considered the relevant factors in making its ruling. Indeed, in permitting inquiry into defendant's history of theft-related offenses while precluding inquiry into defendant's prior drug-related charges, the court demonstrated its "sensitivity to the particular prejudice that may result when a jury is made aware of the fact that the defendant has previously committed crimes that are similar to the charged crime" (*People v Walker*, 83 NY2d 455, 459 [1994]). Defendant's prior arrest for robbery and grand larceny, and defendant's conviction, upon a guilty plea, of attempted robbery in satisfaction of those charges involve "acts of individual dishonesty" (*People v Sandoval*, 34 NY2d 371, 377 [1974]), and such acts "are particularly relevant to the issue of credibility" (*People v Ellis*, 183 AD2d 534, 535 [1992], *affd* 81 NY2d 854 [1993]; *Sandoval*, 34 NY2d at 376-377). Contrary to the further contention of defendant, the court did not err in permitting inquiry into the robbery and grand larceny charges, despite the fact that defendant's plea of guilty to attempted robbery was in satisfaction of those charges. "A dismissal in satisfaction of a plea is not an acquittal which would preclude a prosecutor from inquiring about the underlying acts of the crime[s] because it is not a dismissal on the merits" (*People v Rivera*, 101 AD2d 981, 982 [1984], *affd* 65 NY2d 661 [1985]; *see People v Torra*, 309 AD3d 1074, 1076 [2003], *lv denied* 1 NY3d 581 [2003]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.