■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAZZMONE BROWN, Appellant. [894 NYS2d 700]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered April 24, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted murder in the second degree (two counts), criminal possession of a weapon in the second degree (three counts) and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, one count of murder in the second degree (Penal Law § 125.25 [1]) and two counts of attempted murder in the second degree (§§ 110.00, 125.25 [1]). The conviction arises from an incident in which one individual was shot to death in front of his girlfriend, two other individuals were shot and injured while sitting in their car, and another individual was shot and injured as he ran from the scene. The police were unable to determine the identity of the shooter at the time of the incident. Four years later, however, two witnesses separately contacted the police and informed them that defendant was the shooter in exchange for receiving a possible benefit with respect to their own criminal charges. The police assembled a photo array containing defendant's photograph and showed it to the girlfriend of the murder victim and one of the attempted murder victims who had been seated in the car, both of whom tentatively identified defendant as the shooter and stated that they could not be certain of their identification without observing defendant in person. The People then applied for an order pursuant to *Matter of Abe A.* (56 NY2d 288 [1982]) requiring defendant to appear in a lineup (*see* CPL 240.40 [2] [b] [i]).

We reject defendant's contention that County Court erred in granting the People's application for that order. The police had probable cause to believe that defendant committed the crimes, as well as a clear indication that relevant material evidence would be obtained through the use of a lineup, and the record supports the conclusion that a lineup was a safe and reliable method by which to obtain such evidence (*see Abe A.*, 56 NY2d at 291). The mere fact that the witnesses viewing the lineup

were aware that the suspect would be included did not render the lineup either unreliable or unduly suggestive (*see People v Cruz*, 55 AD3d 365 [2008], *lv denied* 11 NY3d 924 [2009]; *People v Warren*, 50 AD3d 706, 707 [2008], *lv denied* 10 NY3d 965 [2008]; *People v Rodriguez*, 17 AD3d 267 [2005], *lv denied* 5 NY3d 768 [2005]).

The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject the further contention of defendant that he received ineffective assistance of counsel based on defense counsel's failure to object to various remarks by the prosecutor on summation. The majority of those remarks constituted fair comment on the evidence or were a fair response to defense counsel's challenges to the evidence and summation (*see generally People v Bowen*, 67 AD3d 1022 [2009]; *People v Carey*, 67 AD3d 925 [2009]; *People v Williams*, 43 AD3d 1336, 1337 [2007]). Although defense counsel should have objected to the remarks that defendant now contends constituted an improper "safe streets" argument (*see generally People v Scott*, 60 AD3d 1483, 1484 [2009], *lv denied* 12 NY3d 859 [2009]; *People v Tolliver*, 267 AD2d 1007 [1999], *lv denied* 94 NY2d 908 [2000]), it cannot be said that, viewing counsel's representation in its totality, such error deprived defendant of meaningful representation (*see generally People v Turner*, 5 NY3d 476, 480 [2005]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

By failing to challenge the court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his contention that the ruling constituted an abuse of discretion (*see People v Walker*, 66 AD3d 1331, 1332 [2009]; *People v Miller*, 59 AD3d 1124, 1125 [2009], *lv denied* 12 NY3d 819 [2009]; *People v Brown*, 16 AD3d 1102 [2005], *lv denied* 5 NY3d 760 [2005]). In any event, we conclude that the ruling, which allowed the People to cross-examine defendant concerning the fact that he had prior convictions but precluded them from cross-examining him concerning any underlying facts, was not an abuse of discretion (*see People v Parker*, 50 AD3d 585 [2008], *lv denied* 11 NY3d 740 [2008]; *People v Alvarez*, 304 AD2d 313 [2003], *lv denied* 100 NY2d 578 [2003]; *People v Young*, 298 AD2d 253 [2002], *lv denied* 99 NY2d 586 [2003]).

Defendant also failed to preserve for our review his contention that the sentence imposed for his conviction of criminal possession of a weapon in the third degree must be vacated because the People failed to file a second felony offender statement pursuant to CPL 400.21 (2) with respect thereto (*see People v Mateo*, 53 AD3d 1111, 1112 [2008], *lv denied* 11 NY3d 791 [2008]; *People v Dorrah*, 50 AD3d 1619 [2008], *lv denied* 11 NY3d 736 [2008]). In any event, the People filed a second violent felony offender statement pursuant to CPL 400.15 (2), and thus they provided defendant with notice and an opportunity to challenge the predicate conviction. Inasmuch as the statutory purpose for the second felony offender statement was satisfied, "[t]he People's failure to file [that] statement [is] harmless, and [remitting] for filing and resentencing would be futile and pointless" (*People v Bouyea*, 64 NY2d 1140, 1142 [1985]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.