People v Colon (2019 NY Slip Op 07027)





People v Colon


2019 NY Slip Op 07027


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Friedman, J.P., Tom, Webber, Gesmer, Oing, JJ.


162/12 9966A 9966

[*1] The People of the State of New York, Respondent,
v
Serafin E. Colon, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Katheryne M. Martone of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alexander Michaels of counsel), for respondent.



Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered July 18, 2012, convicting defendant, after a jury trial, of attempted assault in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years; and order, same court (Patricia M. Nuñez, J.), entered on or about November 30, 2017, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The trial court providently exercised its discretion in admitting a recording of a voicemail defendant left for the victim, even though only parts of it were audible and intelligible (see People v Rivera, 257 AD2d 172, 176 [1st Dept 1999], affd 94 NY2d 908 [2000]; see also People v Patterson, 93 NY2d 80, 84 [1999]). The victim testified to the authenticity of the recording, and a technician testified regarding how he enhanced the recording in order to clarify defendant's voice in the foreground. As defense counsel acknowledged, a few parts were audible, including when defendant said, "Don't let me catch you," which, viewed along with the other evidence at trial, was probative of defendant's intent to cause the victim serious physical injury.
The court also properly admitted approximately 20 text messages the victim had saved in which defendant insulted and threatened her, because they were relevant to the then-pending harassment and stalking charges (which ultimately were not submitted to the jury), and they were probative as background of the stabbing incident, as well as defendant's intent to cause the victim serious physical injury. To the extent defendant argues that they unfairly presented a "one-sided" view of his text exchanges with the victim, his argument is unavailing. The evidence established that both parties exchanged hundreds of texts and phone calls, and the victim acknowledged that she also replied to defendant's texts and calls. Defendant also had an opportunity to cross-examine the victim regarding those communications.
Moreover, to the extent any messages were more prejudicial than probative, any error in their admission was harmless in light of overwhelming evidence of defendant's guilt, and there was no significant probability that the jury would have acquitted defendant but for their admission into evidence (see People v Crimmins, 36 NY2d 230 [1975]). The evidence included eyewitness testimony that defendant stabbed the victim in her left side, barely missing her kidney, with a knife with an eight-inch blade, which was found on defendant just after the assault. In addition, surveillance videos recorded the incident, and defendant admitted to a friend that he had committed the stabbing.
The motion court providently exercised its discretion when it denied, without a hearing, defendant's motion to vacate the judgment, made on the ground that the prosecution knew that the victim gave perjured testimony, which the prosecution failed to correct during trial (see People v Samandorov, 13 NY3d 433, 436 [2009]). As the motion court found, the prosecutor [*2]had no actual evidence during trial that the victim had falsely testified when she denied having any romantic relationship with defendant, or when she claimed she had been drug-free for four years at the time of trial. The prosecutor subpoenaed the relevant medical records the day after defense counsel had cross-examined the victim using a previously undisclosed and unauthenticated sonogram dated September 2010. The hospital's medical records were received two days after the verdict, and they confirmed that the victim had been pregnant in September 2010. However, these records did not reveal the father's identity. The records also revealed, contrary to the victim's trial testimony, that she had been using drugs at that time. Defendant's brother had testified that the sonogram was in defendant's possession, but he did not elaborate on this or testify, as the defense counsel argued during her cross-examination, that the victim had given it to defendant and claimed he was the father.
At the time of trial, the evidence showed that defendant and the victim met in November 2010, and thus the prosecution had no reason during or before trial to investigate medical records that predated their relationship. The prosecutor acknowledged, due to the extent of text exchanges between defendant and the victim, of which defendant was aware, that she suspected that the victim had not been candid about her relationship with defendant. However, at the time of trial, the prosecutor had no "undisclosed evidence [that] demonstrate[d] that the prosecution's case include[d] perjured testimony and that the prosecution knew, or should have known, of the perjury" (United States v Agurs, 427 US 97, 103 [1976]).
Furthermore, in light of the evidence of his guilt, there was no reasonable possibility that the error contributed to the conviction. The jury was entitled to credit and reject portions of the victim's testimony, and evidence other than her testimony, as noted above, sufficed to prove defendant's guilt. Defendant unpersuasively argues that the truth about their romantic involvement would have been probative of his intent, and could have led to an acquittal because the People had argued that defendant falsely claimed to have a relationship with the victim, and that his feelings of rejection provoked his intent to kill or cause serious physical injury. However, evidence that the victim lied about their relationship and/or ended a more serious romantic relationship would not negate his intent.
We have considered defendant's remaining arguments and find them unavailing.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK