The People of the State of New York, Respondent, v William J. Smalls, Appellant. [792 NYS2d 748]—

Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered September 24, 2001. The judgment convicted defendant, upon a jury verdict, of rape in the third degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the third degree (Penal Law former § 130.25 [2]) and endangering the welfare of a child (§ 260.10 [1]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the rape conviction in that there is no proof that he was not married to the victim (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, his contention is without merit. The victim was 14 years old at the time of the offense and defendant was 37 years old. The victim testified that defendant was her mother's boyfriend, and the victim's mother testified that defendant was her boyfriend and they were engaged to be married. Viewing the evidence in the light most favorable to the People and according the People the benefit of every reasonable inference to be drawn from the evidence (*see People v Cintron*, 95 NY2d 329, 332 [2000]), we conclude that the evidence is legally sufficient to establish that defendant and the victim were not married. Defendant was not deprived of a fair trial by prosecutorial

misconduct on summation (*see People v Peckham*, 8 AD3d 1121 [2004], *lv denied* 3 NY3d 679 [2004]; *People v Dunnigan*, 1 AD3d 930, 932 [2003], *lv denied* 1 NY3d 627 [2004]), and County Court did not abuse its discretion in its *Sandoval* ruling. Although defendant's prior convictions were between 12 and 17 years old, defendant had spent 10 of those years in prison (*see People v Zillinger*, 179 AD2d 382 [1992], *lv denied* 79 NY2d 955 [1992]; *People v Ortiz*, 156 AD2d 197, 198 [1989], *lv denied* 76 NY2d 740 [1990]). Finally, we reject the contention of defendant that other alleged errors deprived him of a fair trial. Present— Green, J.P., Scudder, Kehoe, Smith and Hayes, JJ.