■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS ROGERS, Appellant. [820 NYS2d 839]—Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered September 3, 2003. The judgment convicted defendant, upon a jury verdict, of assault in the third degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the third degree (Penal Law § 120.00 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant failed to object to Supreme Court's ultimate *Sandoval* ruling and thus failed to preserve for our review his contention that the ruling constitutes an abuse of discretion (*see People v Rodriguez*, 21 AD3d 1400, 1401 [2005]; *People v O'Connor*, 19 AD3d 1154 [2005], *lv denied* 5 NY3d 831 [2005]). In any event, defendant's contention lacks merit. The record establishes that the court "weighed

appropriate concerns and limited both the number of convictions and the scope of permissible cross-examination" (*People v Hayes*, 97 NY2d 203, 208 [2002]). We reject defendant's further contention that the verdict is against the weight of the evidence. "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, the appellate court must give '[g]reat deference . . . [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Harris*, 15 AD3d 966, 967 [2005], *lv denied* 4 NY3d 831 [2005], quoting *People v Bleakley*, 69 NY2d 490, 495 [1987]). The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.