THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLLEN T. POOLE, Appellant. [917 NYS2d 775]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered November 16, 2009. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), defendant contends that County Court's *Sandoval* ruling constitutes an abuse of discretion. By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve that contention for our review (*see People v Anthony*, 74 AD3d 1795 [2010], *lv denied* 15 NY3d 849 [2010]; *People v Goodrum*, 72 AD3d 1639 [2010], *lv denied* 15 NY3d 773 [2010]; *People v Walker*, 66 AD3d 1331 [2009], *lv denied* 13 NY3d 942 [2010]). In any event, we reject that contention. " 'The extent to which prior convictions

bear on the issue of a defendant's credibility is a question entrusted to the sound discretion of the court, reviewable only for clear abuse of discretion' " (*People v Nichols*, 302 AD2d 953, 953 [2003], *lv denied* 99 NY2d 657 [2003]; *see People v Hayes*, 97 NY2d 203, 207-208 [2002]). Here, we conclude that the court's ruling was " 'a considered decision [that] took into account all relevant factors and further struck a proper balance between the probative value of the[ ] convictions on defendant's credibility and the possible prejudice to him' " (*People v Mitchell*, 57 AD3d 1308, 1311 [2008]). "The fact that the prior conviction[ ] of attempted [criminal possession of a controlled substance in the fifth degree is] similar to the [crimes] charged herein does not preclude [its] use on cross-examination" (*People v Montgomery*, 288 AD2d 909, 910 [2001], *lv denied* 97 NY2d 685 [2001]; *see People v Walker*, 83 NY2d 455, 457-459 [1994]).

Defendant further contends that the evidence is not legally sufficient to support the conviction because the People failed to disprove his agency defense beyond a reasonable doubt. "As a preliminary matter, we reject the People's contention that defendant failed to preserve his contention for our review. Defendant's motion [for a trial order of dismissal] at the close of the People's case was specifically directed at the alleged error now raised on appeal" (*People v Daniels*, 8 AD3d 1022, 1023 [2004], *lv denied* 3 NY3d 705 [2004] [internal quotation marks omitted]). Contrary to defendant's contention, however, the conviction is supported by legally sufficient evidence. "The determination . . . whether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the jury to resolve on the circumstances of the particular case" (*People v Lam Lek Chong*, 45 NY2d 64, 74 [1978], *cert denied* 439 US 935 [1978]; *see People v Brown*, 50 AD3d 1596, 1597 [2008]). The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is "legally sufficient . . . to establish that defendant was the seller of a controlled substance and not an agent of the buyer" (*People v Burden*, 288 AD2d 821, 821 [2001], *lv denied* 97 NY2d 751 [2002]). Further, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "It cannot be said that, in rejecting the agency defense, the jury failed to give the evidence the weight it should be accorded" (*People v Watkins*, 284 AD2d 905, 906 [2001], *lv denied* 96 NY2d 943 [2001]).

Defendant contends that he was denied effective assistance of

counsel based on, inter alia, defense counsel's failure to object to the introduction of evidence of his other drug sales. We reject that contention. "There can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Stultz*, 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]). "[T]he fact that [defendant] interposed an agency defense permitted the People to introduce evidence of [the other] drug sales" (*People v Massey*, 49 AD3d 462, 462 [2008], *lv denied* 10 NY3d 866 [2008]; *see also People v Chaires*, 171 AD2d 955, 956 [1991], *lv denied* 78 NY2d 963 [1991]). Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

Finally, the sentence is not unduly harsh or severe. Present— Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.