■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNTEL RICHARDSON, Appellant. [982 NYS2d 476]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered June 30, 2009, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and menacing in the second degree, and sentencing him, as a

second felony offender, to an aggregate term of 2½ to 5 years, unanimously affirmed.

The court properly declined to instruct the jury on the defense of justification with regard to the weapon possession count, in which it was alleged that defendant possessed a pipe with intent to use it unlawfully. "[B]ecause possession of a weapon does not involve the use of physical force, there are no circumstances when justification can be a defense to the crime of criminal possession of a weapon" (*People v Pons*, 68 NY2d 264, 267 [1986] [citations omitted]).

Nevertheless, defendant asserts that the court should have instructed the jury, in essence, that an intent to use a weapon justifiably is not an intent to use it unlawfully. However, defendant made no such request. The difference is not merely a matter of semantics; we note that the relevant CJI charge, which defendant cites with approval, clearly distinguishes between justification as a defense (which is inapplicable to possessory crimes) and justification as a factor bearing on the lawfulness of intent (*see* CJI2d[NY] Penal Law art 265, Intent to Use Unlawfully and Justification). Accordingly, we find that defendant did not preserve his claim that the court should have charged the jury along the lines of the cited CJI charge, and we decline to review it in the interest of justice.

As an alternative holding, we find no basis for reversal. The court clearly instructed that possession of the pipe was a crime only if the People proved beyond a reasonable doubt that defendant intended to use it unlawfully. Furthermore, it was clear to the jury, from the context of the entire trial, that the lawfulness of defendant's intent was to be determined on the basis of his assertion that he possessed the pipe solely for the purpose of defending himself. There is no reasonable possibility that the court's charge misled the jury to believe that a guilty verdict would be proper even if the People failed to disprove defendant's claim of justifiable intent.

The court properly declined to charge the justification defense as to the menacing count. There was no reasonable view of the evidence, viewed most favorably to defendant, to support such a charge. Nothing in either the prosecution nor defense versions of the incident could support a reasonable view that defendant committed the acts constituting menacing, but did so with justification.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The only aspect of defendant's *Batson* claim that is arguably preserved is his claim that when the prosecutor cited a particular panelist's recent

relocation to New York County and prior service on a trial that allegedly resulted in an acquittal or hung jury, those explanations were pretextual. However, we find that the record, viewed as a whole, supports the court's finding to the contrary. Such a finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). At worst, the prosecutor was honestly mistaken about the facts surrounding the panelist's prior jury service, and we do not find any disparate treatment by the prosecutor of similarly situated panelists.

Defendant failed to preserve his claims that the prosecutor's reasons for challenging other panelists were pretextual (*see People v Allen*, 86 NY2d 101, 111 [1995]), or any of his challenges to the procedures employed by the court in resolving the *Batson* application (*see People v Richardson*, 100 NY2d 847, 853 [2003]), and we decline to review them in the interest of justice.

As an alternative holding, we reject them on the merits. Concur—Moskowitz, J.P., Richter, Manzanet-Daniels, Clark and Kapnick, JJ.