# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1222**
**KA 13-01494**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO,

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                          MEMORANDUM AND ORDER

RICHARD BAUSANO, DEFENDANT-APPELLANT.

---

CHARLES MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRIAN N. BAUERSFELD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered August 15, 2013.  The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]) in connection with the sale to a confidential informant (CI) of 25 oxycodone pills. Contrary to defendant's contention, County Court properly granted the People's motion to amend the indictment to reflect that the controlled substance at issue was oxycodone, and not cocaine.  Although the grand jury minutes are not included in the record on appeal, the record nevertheless establishes that the laboratory report admitted in evidence during the grand jury proceeding identified the pills that were analyzed as oxycodone.  We therefore conclude that the court's determination to amend the indictment based upon a scrivener's error neither changed the theory of the prosecution nor tended to prejudice defendant on the merits (*see People v Wright*, 107 AD3d 1398, 1400, *lv denied* 23 NY3d 1026; *cf. People v McKinney*, 91 AD3d 1300, 1300).  We reject defendant's further contention that the court's *Sandoval* ruling constitutes reversible error.  The court did not abuse its discretion, but instead " 'weighed appropriate concerns and limited both the number of convictions and scope of permissible cross-examination' " (*People v Reed*, 115 AD3d 1334, 1336, *lv denied* 23 NY3d 1024, quoting *People v Hayes*, 97 NY2d 203, 208).

By making only a general motion to dismiss the indictment (*see*

*People v Gray*, 86 NY2d 10, 19), and failing to renew that motion at the close of his case (*see People v Hines*, 97 NY2d 56, 62, *rearg denied* 97 NY2d 678), defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence.  In any event, we conclude that defendant's contention is without merit.  In addition to the testimony of the CI, two police witnesses testified regarding their continuous observations of the CI, including his meeting with defendant.  Both police witnesses testified that, after he left defendant, the CI turned over to the police 25 oxycodone pills, i.e., the precise purchase amount that had been arranged, and that the CI did not have the buy money on his person or in his vehicle.  Viewing the evidence in the light most favorable to the People, we conclude that the evidence is legally sufficient to support the conviction (*see People v Bleakley*, 69 NY2d 490, 495).  We further conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  In contrast to the People's witnesses, defendant testified that he met with the CI to sell him a laptop computer and, although he admitted that he had a prescription for oxycodone pills, he denied that he sold any to the CI.  Defendant explained that he had served eviction papers on the CI several months before and thus that the CI had a motive to lie about the purpose of their meeting.  There is no basis to conclude that the jury failed to give the conflicting evidence the weight it should be accorded (*see id.*).  The sentence is not unduly harsh and severe.

Entered:  November 14, 2014                        Frances E. Cafarell
                                                   Clerk of the Court