# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1368

KA 14-01975

PRESENT: SCUDDER, P.J., CENTRA, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DAVID M. DAVEY, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRIAN T. LEEDS OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered March 25, 2014. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal Nos. 1 and 2, defendant appeals from judgments convicting him upon a jury verdict of two counts of promoting prison contraband in the first degree (Penal Law § 205.25 [2]), as charged in separate indictments. Defendant, while an inmate at a correctional facility, was searched in the recreation yard and was found to have a folded tin can lid secreted in a glove in his pocket, resulting in a charge of promoting prison contraband in the first degree in one indictment. Defendant's cell was then searched, where a correction officer found a second folded tin can lid in a desk drawer and a metal shank hidden in defendant's mattress, resulting in two charges of promoting prison contraband in the first degree in a second indictment. The People presented the case to two different grand juries, and County Court granted the People's motion to consolidate the indictments. The jury found defendant not guilty regarding the can lid found in his cell, but guilty of the remaining counts.

By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to establish that defendant knowingly possessed

dangerous contraband (Penal Law § 205.25 [2]).  Both the folded can lid and the metal shank had characteristics "such that there is a substantial probability that the item[s] will be used in a manner that is likely to cause death or other serious injury" (*People v Finley*, 10 NY3d 647, 657).

Defendant's further contention that the verdict is repugnant is not preserved for our review because he did not object to the verdict on that ground before the jury was discharged (*see People v Satloff*, 56 NY2d 745, 746, *rearg denied* 57 NY2d 674; *People v Spears*, 125 AD3d 1401, 1402, *lv denied* 25 NY3d 1172).  In any event, that contention is without merit.  "[A] conviction will be reversed only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered" (*People v Tucker*, 55 NY2d 1, 7, *rearg denied* 55 NY2d 1039).  "A determination of whether a verdict is repugnant is based solely on a review of the trial court's charge regardless of its accuracy" (*People v Green*, 71 NY2d 1006, 1008).  Here, the court gave the same charge to the jury on the first two counts of promoting prison contraband in the first degree, but stated that the first count was with respect to the folded can lid that was allegedly found on defendant when he was in the prison yard, and the second count was with respect to the folded can lid that was allegedly found in the desk located in defendant's cell.  Defendant's acquittal of the one count was not conclusive of the other count because they were separate items of dangerous contraband.  In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Although the evidence established that inmates were allowed to possess a folded can lid inside their cells to cut food, they were not allowed to carry them outside their cells.

Defendant next contends that the court's *Sandoval* ruling denied him his right to due process and a fair trial.  "By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve that contention for our review" (*People v Poole*, 79 AD3d 1685, 1685, *lv denied* 16 NY3d 862).  In any event, the court's *Sandoval* ruling does not constitute an abuse of discretion (*see People v Smalls*, 16 AD3d 1154, 1155, *lv denied* 5 NY3d 769).  "The extent to which prior convictions bear on the issue of a defendant's credibility is a question entrusted to the sound discretion of the court, reviewable only for clear abuse of discretion" (*Poole*, 79 AD3d at 1685-1686 [internal quotation marks omitted]).  Defendant's prior convictions for petit larceny, criminal possession of stolen property, and robbery were "acts of individual dishonesty" (*People v Sandoval*, 34 NY2d 371, 377), and were particularly relevant to the issue of defendant's credibility (*see People v Walker*, 66 AD3d 1331, 1332, *lv denied* 13 NY3d 942).  Defendant's contention that certain convictions were too remote in time is without merit inasmuch as defendant was incarcerated for much of the time following those convictions (*see Smalls*, 16 AD3d at 1154-1155; *see generally People v Stevens*, 109 AD3d 1204, 1205, *lv*

*denied* 23 NY3d 1043).  We conclude that "[t]he record establishes that the court 'weighed appropriate concerns and limited both the number of convictions and the scope of permissible cross-examination' " (*People v Rogers*, 32 AD3d 1221, 1221-1222, *lv denied* 7 NY3d 928; *see People v Bausano*, 122 AD3d 1341, 1341, *lv denied* 25 NY3d 1069; *Poole*, 79 AD3d at 1686).

Contrary to defendant's contention, the court did not err in admitting in evidence the folded can lid recovered from him in the yard.  There were "sufficient assurances of the identity and unchanged condition of the evidence . . . , and thus any alleged gaps in the chain of custody went to the weight of the evidence, not its admissibility" (*People v Kennedy*, 78 AD3d 1477, 1478, *lv denied* 16 NY3d 798; *see People v Hawkins*, 11 NY3d 484, 494).  We further reject defendant's contention that the court abused its discretion in granting the People's motion to consolidate the indictments (*see People v Bankston*, 63 AD3d 1616, 1616-1617, *lv denied* 14 NY3d 885; *see generally People v Lane*, 56 NY2d 1, 8).  Although the offenses are based upon different criminal transactions, they are the "same or similar in law" (CPL 200.20 [2] [c]; *see People v Cooper*, 128 AD3d 1431, 1433, *lv denied* 26 NY3d 966).  Moreover, evidence of defendant's possession of the can lid on his person with respect to one indictment would be admissible at the trial of the second indictment regarding his knowledge of the can lid in his desk drawer, and the offenses therefore were joinable under CPL 200.20 (2) (b) (*see People v Rodriguez*, 68 AD3d 1351, 1353, *lv denied* 14 NY3d 804; *People v Burroughs*, 191 AD2d 956, 956-957, *lv denied* 82 NY2d 715).  Defendant did not show that he would be prejudiced by the consolidation (*see People v Torra*, 309 AD2d 1074, 1075, *lv denied* 1 NY3d 581; *see generally People v Ward*, 104 AD3d 1323, 1323, *lv denied* 21 NY3d 1011).  He made no showing that he had important testimony to give regarding the charge in one indictment but the need to refrain from testifying regarding the charges in the other indictment (*see Cooper*, 128 AD3d at 1433; *see generally Lane*, 56 NY2d at 9-10).  Indeed, the fact that the jury acquitted defendant of one of the charges demonstrates that he was not prejudiced by the consolidation (*see Ward*, 104 AD3d at 1323-1324; *Rodriguez*, 68 AD3d at 1353).

The court properly denied defendant's request to charge the lesser included offense of promoting prison contraband in the second degree.  Viewing the evidence in the light most favorable to defendant (*see People v Johnson*, 45 NY2d 546, 549), we conclude that there is no reasonable view of the evidence that defendant possessed contraband but not dangerous contraband (*see People v Carralero*, 9 AD3d 790, 791, *lv denied* 4 NY3d 742; *see generally People v Glover*, 57 NY2d 61, 63).  Finally, the sentence is not unduly harsh or severe.

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court