■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FABIAN ECHEVARRIA, Appellant. [26 NYS3d 269]—

Judgment, Supreme Court, New York County (James Burke, J.), rendered March 5, 2014, as amended June 19, 2014, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The court provided a meaningful and correct response to a note from the deliberating jury (*see People v Malloy*, 55 NY2d 296, 301-302 [1982], *cert denied* 459 US 847 [1982]). Defendant was charged with possession of a knife with the intent to use it unlawfully. The main issue at trial was whether, during an altercation, defendant wielded the knife with intent to use it against the complainants justifiably, and therefore lawfully. In its main charge, the court instructed the jury accordingly (CJI2d[NY] Penal Law art 265, Intent to Use Unlawfully and Justification), but it did not add a definition of justification. During deliberations, the jury sent a note that the court reasonably interpreted as showing difficulty with the concept of justifiable use of the knife, and the court properly exercised its discretion in responding with an explanation of justification as set forth in Penal Law § 35.15 (1). That definition was applicable to the issue of whether defendant's intent was lawful, and we reject defendant's arguments to the contrary. In any

event, any error regarding the supplemental charge was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

The court properly exercised its discretion in denying defendant's mistrial motion, based on the prosecutor's crude attempt at a joke during summation. The court struck the comment, which was unlikely to have been taken literally by the jury or to have caused any prejudice. By failing to object, by making generalized objections, and by failing to request further relief after objections were sustained, defendant failed to preserve any other challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find that although some of the comments were better left unsaid, there is no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.