■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DASZELL TAYLOR, Appellant. [34 NYS3d 310]—

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered September 14, 2010. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant contends that County Court's *Sandoval* ruling denied him his right to a fair trial. "By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve that contention for our review" (*People v Poole*, 79 AD3d 1685, 1685 [2010], *lv denied* 16 NY3d 862 [2011]). In any event, the court's *Sandoval* ruling does not constitute an abuse of discretion (*see People v Smalls*, 16 AD3d 1154, 1155 [2005], *lv denied* 5 NY3d 769 [2005]). Contrary to defendant's contention, the court properly permitted his prior drug convictions to be used for impeachment purposes inasmuch as the jury could have considered them as a manifestation of defendant's willingness to place his own interests above that of the community (*see generally People v Newland*, 83 AD3d 1202, 1203-1204 [2011], *lv denied* 17 NY3d 798 [2011]). Moreover, the fact that the convictions were 15 or more years old does not require preclusion of those convictions for impeachment purposes (*see People v Fotiou*, 39 AD3d 877, 878 [2007], *lv denied* 9 NY3d 843 [2007]).

We reject defendant's further contention that the court erred in instructing the jury on the use of deadly physical force rather than the use of ordinary physical force (*see People v Davis*, 118 AD2d 206, 209 [1986], *lv denied* 68 NY2d 768 [1986]). Defendant's use of a pocket knife to inflict injury on the victim clearly constituted the use of deadly physical force (*see id.*). Contrary to defendant's further contention, the court correctly instructed the jury on the issue whether the altercation with the victim occurred in defendant's dwelling (*see People v Berk*, 88 NY2d 257, 267 [1996], *cert denied* 519 US 859 [1996]).

We reject defendant's contention that he was deprived of a fair trial as a result of the court's instruction to the jury on consciousness of guilt. We conclude that there was "a sufficient factual predicate to support a jury instruction on the concept of flight as evidence of consciousness of guilt" (*People v Cartledge*, 50 AD3d 1555, 1556 [2008], *lv denied* 10 NY3d 957 [2008] [internal quotation marks omitted]), and we note that the

instruction given by the court was consistent with the instruction set forth in the Pattern Criminal Jury Instructions (*see People v Muscarella*, 132 AD3d 1288, 1289 [2015], *lv denied* 26 NY3d 1147 [2016]).

Finally, there is no merit to defendant's contention that he was entitled to have the jury instructed on the issue of justification with respect to the criminal possession of a weapon count (*see People v Pons*, 68 NY2d 264, 267 [1986]). Present—Peradotto, J.P., Carni, Lindley, Curran and Troutman, JJ.