# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

466

KA 11-01115

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

DASZELL TAYLOR, DEFENDANT-APPELLANT.

---

GENESEE VALLEY LEGAL AID, INC., GENESEO (JEANNIE D. MICHALSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered September 14, 2010. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant contends that County Court's *Sandoval* ruling denied him his right to a fair trial. "By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve that contention for our review" (*People v Poole*, 79 AD3d 1685, 1685, *lv denied* 16 NY3d 862). In any event, the court's *Sandoval* ruling does not constitute an abuse of discretion (*see People v Smalls*, 16 AD3d 1154, 1155, *lv denied* 5 NY3d 769). Contrary to defendant's contention, the court properly permitted his prior drug convictions to be used for impeachment purposes inasmuch as the jury could have considered them as a manifestation of defendant's willingness to place his own interests above that of the community (*see generally People v Newland*, 83 AD3d 1202, 1203-1204, *lv denied* 17 NY3d 798). Moreover, the fact that the convictions were 15 or more years old does not require preclusion of those convictions for impeachment purposes (*see People v Fotiou*, 39 AD3d 877, 878, *lv denied* 9 NY3d 843).

We reject defendant's further contention that the court erred in instructing the jury on the use of deadly physical force rather than the use of ordinary physical force (*see People v Davis*, 118 AD2d 206, 209, *lv denied* 68 NY2d 768). Defendant's use of a pocket knife to inflict injury on the victim clearly constituted the use of deadly

physical force (*see id.*).  Contrary to defendant's further contention, the court correctly instructed the jury on the issue whether the altercation with the victim occurred in defendant's dwelling (*see People v Berk*, 88 NY2d 257, 267, *cert denied* 519 US 859).

We reject defendant's contention that he was deprived of a fair trial as a result of the court's instruction to the jury on consciousness of guilt.  We conclude that there was "a sufficient factual predicate to support a jury instruction on the concept of flight as evidence of consciousness of guilt" (*People v Cartledge*, 50 AD3d 1555, 1556, *lv denied* 10 NY3d 957 [internal quotation marks omitted]), and we note that the instruction given by the court was consistent with the instruction set forth in the Pattern Criminal Jury Instructions (*see People v Muscarella*, 132 AD3d 1288, 1289, *lv denied* 26 NY3d 1147).

Finally, there is no merit to defendant's contention that he was entitled to have the jury instructed on the issue of justification with respect to the criminal possession of a weapon count (*see People v Pons*, 68 NY2d 264, 267).

Entered:  June 17, 2016                          Frances E. Cafarell
                                                 Clerk of the Court