# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**777**

**KA 13-00576**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                                    MEMORANDUM AND ORDER

CARLOS MANSILLA, DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (PATRICK J. MARTHAGE OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

        Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered December 13, 2011.  The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree.

        It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

        Memorandum:  On appeal from a judgment convicting him following a jury trial of promoting prison contraband in the first degree (Penal Law § 205.25 [2]), defendant, an inmate in state prison, contends that the evidence is legally insufficient to establish that he knowingly possessed the contraband in question, i.e., a sharpened piece of metal found in his shoe, and that the verdict is against the weight of the evidence in that regard.  As a preliminary matter, we note that defendant failed to preserve his challenge to the sufficiency of the evidence because he made only a general motion for a trial order of dismissal at the close of the People's case (*see People v Hawkins*, 11 NY3d 484, 492).  Moreover, defendant failed to renew his motion after he and the People's rebuttal witnesses testified (*see People Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678).  In any event, we conclude that the evidence, when viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), provided a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495), i.e., that defendant knew that the piece of metal was in his shoe.  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant's remaining contentions, all of which relate to his sentence, are unpreserved for our review and in any event lack merit.