# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**118**

**KA 14-00875**

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

SHAKEYMO A. HODGE, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL),
FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered March 21, 2014.  The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of one count each of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree (§ 220.39 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of one count each of those crimes.

Defendant contends in appeal No. 1 that County Court failed to make a sufficient inquiry into juror misconduct when informed that several jurors had been discussing defendant's guilt or innocence before deliberations had begun (*see generally People v Buford*, 69 NY2d 290, 299).  Defendant failed to preserve that contention for our review, inasmuch as he failed to object to the scope of the court's inquiry when the court individually examined all 14 jurors in response to that allegation (*see People v Hicks*, 6 NY3d 737, 739; *People v Viera*, 75 AD3d 926, 927).  We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We reject defendant's contention that the court abused its discretion in denying his motion for a mistrial based upon the alleged juror misconduct inasmuch as the court conducted a probing and tactful inquiry sufficient under *Buford* (69 NY2d at 299).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention in appeal No. 1 that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  The evidence at trial established that defendant possessed cocaine and sold it to a confidential informant in a controlled buy transaction.  The fact that the only eyewitness to the sale, i.e., the confidential informant, was cooperating with law enforcement in exchange for a lenient sentence on charges of driving while intoxicated does not render his testimony unworthy of belief, and we accord deference to the credibility determinations of the jury (*see People v Tuszynski*, 120 AD3d 1568, 1568-1569, *lv denied* 25 NY3d 954; *see also People v Bausano*, 122 AD3d 1341, 1342, *lv denied* 25 NY3d 1069).

Finally, we reject defendant's challenge in each appeal to the severity of the sentence.

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court