# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**496**

**KA 15-01590**

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DURELL BLUNT, DEFENDANT-APPELLANT.

---

NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (ADAM W. KOCH OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (ERIC R. SCHIENER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered September 16, 2015. The judgment convicted defendant, after a jury trial, of promoting prison contraband in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of promoting prison contraband in the first degree (Penal Law § 205.25 [2]). Contrary to defendant's contention, we conclude that the evidence is legally sufficient to support the conviction (*see People v Mansilla*, 143 AD3d 1263, 1263; *People v Davey*, 134 AD3d 1448, 1449). Viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), the evidence provided a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495), i.e., that defendant possessed a flat, sharpened piece of metal that he wielded during a prison fight. Moreover, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see People v Hood*, 145 AD3d 1565, 1565-1566; *Mansilla*, 143 AD3d at 1263; *see generally Bleakley*, 69 NY2d at 495). We have considered defendant's challenge to the severity of his sentence and conclude that it is without merit.

Entered:  April 28, 2017                          Frances E. Cafarell
                                                  Clerk of the Court