People v Carey (2018 NY Slip Op 02050)





People v Carey


2018 NY Slip Op 02050


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


175 KA 15-01656

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARTIN M. CAREY, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (MELANIE J. BAILEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered January 8, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree, menacing in the second degree and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts by reversing that part convicting defendant of petit larceny and dismissing count three of the indictment and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), menacing in the second degree
(§ 120.14 [1]), and petit larceny (§ 155.25). Defendant contends that County Court erred in failing to charge the jury on the defense of justification because there is a reasonable view of the evidence in which he threatened only ordinary physical force in the incident that formed the basis for the counts of criminal possession of a weapon in the third degree and menacing in the second degree, and that he was justified in doing so in response to threats made by the victim. That contention is unpreserved for our review, inasmuch as defendant did not make that specific argument in his request for a justification instruction (see generally People v Hamilton, 116 AD3d 614, 614 [1st Dept 2014], lv denied 23 NY3d 1037 [2014]; People v Davis, 111 AD3d 1302, 1303 [4th Dept 2013], lv denied 22 NY3d 1137 [2014]). In any event, we conclude that defendant's contention is without merit. "[T]here are no circumstances when justification . . . can be a defense to the crime of criminal possession of a weapon" (People v Pons, 68 NY2d 264, 267 [1986]). With respect to the menacing count, the evidence establishes that defendant swung a knife at the victim, which constitutes the use of deadly physical force (see People v Kerley, 154 AD3d 1074, 1075 [3d Dept 2017], lv denied — NY3d — [Jan. 30, 2018]; People v Taylor, 140 AD3d 1738, 1739 [4th Dept 2016]; People v Haynes, 133 AD3d 1238, 1239 [4th Dept 2015], lv denied 27 NY3d 998 [2016]), and there is thus no reasonable view of the evidence in which his conduct was justified (see People v Jones, 142 AD3d 1383, 1384 [4th Dept 2016], lv denied 28 NY3d 1073 [2016]; People v Richardson, 115 AD3d 617, 618 [1st Dept 2014], lv denied 23 NY3d 1041 [2014]).
Defendant further contends, with respect to the petit larceny count, that the court erred in instructing the jury on the theory of larceny by trick inasmuch as the evidence did not support such an instruction. Defendant objected to the jury instruction on the theory of larceny by trick only on the ground that such theory was not alleged in the indictment or a bill of particulars, and thus he failed to preserve his present contention for our review (see People v Kendricks, 23 AD3d 1119, 1119 [4th Dept 2005]; see generally People v Medina, 18 NY3d 98, 104 [2011]). In addition, defendant failed to preserve for our review his contention that the evidence is legally insufficient to support a conviction of petit larceny under the theory of larceny by trick inasmuch as he moved for a trial order of dismissal with respect to that count only on the ground that the [*2]People failed to establish that money was taken from the victim or that defendant exercised dominion and control over the money (see generally People v Gray, 86 NY2d 10, 19 [1995]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Nevertheless, viewing the evidence in light of the elements of petit larceny as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we agree with defendant that the verdict finding him guilty of that crime is against the weight of the evidence. Defendant was convicted of larceny pursuant to the common-law theory of larceny by trick, which occurs "where the owner of the property was induced to part with possession, but not title, due to some trick or artifice by the wrongdoer who subsequently misappropriates the property" (People v Churchill, 47 NY2d 151, 155 [1979]; see People v Norman, 85 NY2d 609, 618 n 3 [1995]). Here, the verdict is contrary to the weight of the evidence with respect to whether defendant used some trick or artifice to obtain property from the victim. We therefore modify the judgment by reversing that part convicting defendant of petit larceny and dismissing that count of the indictment.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court