People v Warmley (2020 NY Slip Op 00781)





People v Warmley


2020 NY Slip Op 00781


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1283 KA 17-00713

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANDON WARMLEY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.
LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (AMBER L. KERLING OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered February 21, 2017. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree (§ 220.39 [1]), arising from his sale of cocaine to a confidential informant (CI) during a controlled buy. We affirm.
Defendant failed to preserve for our review his contention that he was deprived of a fair trial because the two police investigators who identified him at trial lacked personal knowledge to support that testimony (see CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant also failed to preserve his contention that he was deprived of a fair trial based on prosecutorial misconduct during summation (see CPL 470.05 [2]; People v Simmons, 133 AD3d 1275, 1277-1278 [4th Dept 2015], lv denied 27 NY3d 1006 [2016]). In any event, defendant's contention is without merit. The comments in which the prosecutor allegedly vouched for the credibility of a witness were fair responses to defense counsel's summation (see People v Santana, 55 AD3d 1338, 1339 [4th Dept 2008], lv denied 12 NY3d 762 [2009]). Additionally, even assuming, arguendo, that the prosecutor's comment identifying defendant's voice on an audio recording that was admitted in evidence exceeded the bounds of permissible commentary, we conclude that the comment was not so egregious as to deny defendant a fair trial in light of County Court's instruction to the jury that an attorney's summation is not evidence (see generally People v Ashwal, 39 NY2d 105, 109-110 [1976]; People v Escamilla, 168 AD3d 758, 759-760 [2d Dept 2019], lv denied 33 NY3d 947 [2019]; People v Plant, 138 AD2d 968, 968 [4th Dept 1988], lv denied 71 NY2d 1031 [1988]).
The court properly admitted in evidence the audio recording of the controlled buy. Although some portions of the recording were not entirely clear, they were not "so inaudible and indistinct that the jury would have to speculate concerning [their] contents and would not learn anything relevant from them" (People v Jackson, 94 AD3d 1559, 1561 [4th Dept 2012], lv denied 19 NY3d 1026 [2012] [internal quotation marks omitted]; see People v Johnson, 151 AD3d 1462, 1463 [3d Dept 2017], lv denied 30 NY3d 1106 [2018]). We further conclude that the recording was properly authenticated inasmuch as one of the police investigators who had listened to the controlled buy testified that he listened to the recording, that it was a fair and accurate copy of what he heard during the buy, and that there were no alterations, additions, or [*2]deletions of any kind (see People v Ely, 68 NY2d 520, 527 [1986]). The recording was further authenticated by the CI's testimony that it was an accurate and fair reflection of his conversation with defendant during the controlled buy (see generally People v McGee, 49 NY2d 48, 60 [1979], cert denied 446 US 942 [1980]; People v Carter, 131 AD3d 717, 721 [3d Dept 2015], lv denied 26 NY3d 1007 [2015]).
We conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Nicholas, 130 AD3d 1314, 1315 [3d Dept 2015]). The People's case hinged on the credibility of the CI, who had an extensive criminal history as well as motive to testify against defendant. The CI had also made a false sworn statement to the police, and his testimony conflicted with that of one of the police investigators. However, those issues were presented to the jury and thoroughly explored by defense counsel on cross-examination, and we afford great deference to the jury's credibility determinations (see generally People v Reid, 173 AD3d 1663, 1664 [4th Dept 2019]; People v Hodge [appeal No. 1], 147 AD3d 1502, 1503 [4th Dept 2017], lv denied 29 NY3d 1032 [2017]). We note that the People also presented circumstantial evidence in the form of testimony and an audio recording that corroborated the CI's account of the controlled buy.
Defendant failed to preserve his contention that the court penalized him for asserting his right to a trial because he did not "set forth this issue on the record at the time of sentencing" (People v Hodge, 154 AD3d 963, 965 [2d Dept 2017], lv denied 30 NY3d 1105 [2018]). In any event, we note that "[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting [his] right to trial . . . , and there is no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to trial" (People v Pope, 141 AD3d 1111, 1112 [4th Dept 2016], lv denied 29 NY3d 951 [2017] [internal quotation marks omitted]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court