People v Gordineer (2020 NY Slip Op 01953)





People v Gordineer


2020 NY Slip Op 01953


Decided on March 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10929 699/15

[*1]The People of the State of New York, Respondent,
v
Jason Gordineer, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (David Crow of counsel), and White & Case LLP, New York (Jonathan Abi Rached of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered December 17, 2015, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.
There is no reasonable interpretation of the trial testimony and evidence by which the jury could have concluded that defendant was justified in using a hypodermic needle to stab the store manager who was attempting to eject him for shoplifting. To the contrary, the testimony establishes that the manager, after defendant brandished the needle, merely warned him that, if defendant tried to stab him with it, he in turn would use the box cutter he was holding to defend himself. There is no evidence that the mere presence of the box cutter was sufficient to cause defendant reasonably to fear imminent harm. Considering that fact, and all of the other attendant circumstances, the court correctly declined to instruct the jury that justification would negate the intent element of the third degree criminal possession of a weapon charge.
The store manager testified that, when he first confronted defendant, who was filling a backpack with canisters of deodorant, he instructed him that if he put everything back he would be free to leave the store and that otherwise he would be arrested. When, according to the manager, defendant put back some, but not all, of the pilfered items and tried to run off, the manager grabbed him by the shoulder and started to escort him to the front of the store. A struggle ensued, during which defendant shouted, "I can't go to jail, I got AIDS. I got AIDS. I'm not going to jail." Then defendant reached into his pocket and produced the needle. The manager told defendant that if he stabbed him with the needle he would cut him with the box cutter, which he had been using to unpack inventory before defendant entered the store. Defendant ignored the warning and proceeded to stab the manager with the needle, and did so a second time after the manager threw him on the floor and tried to grab him to eject him from the store.
The cashier who initially alerted the store manager to defendant's shoplifting testified that the manager had the box cutter in his hand when she saw him escorting defendant to the front of the store, although she equivocated on this point during cross-examination. She was not asked whether the blade was extended. She testified that defendant told the manager to let him go, and then took out a needle. After defendant produced the syringe, she stated, the manager "threaten[ed]" him with the box cutter.
Defendant takes issue with the jury charge on the criminal possession of a weapon count because, in setting forth the elements of the crime the People were required to prove, it did not clarify that defendant's use of the needle would not have been considered "unlawful" if he had been justified in using it. To be clear, defendant did not request the standard charge on the defense of justification, which allows a person to use physical force (including by use of a weapon) when and to the extent he reasonably believes it necessary to defend himself from what [*2]he reasonably believes to be the use or imminent use of unlawful physical force by another person (Penal Law § 35.15[1]). That charge was unavailable, because the crime of criminal possession of a weapon does not involve physical force (People v Pons, 68 NY2d 264, 267 [1986]). However, as the People concede, and as reflected in CJI2d(NY) Penal Law art 265, "Intent to Use Unlawfully and Justification,"[FN1] a defendant in a weapons possession case where intent is an element of the crime may request, when appropriate, a charge clarifying for the jury that "justification [is] a factor bearing on the lawfulness of intent" (People v Richardson, 115 AD3d 617, 618 [1st Dept 2014] [emphasis added], lv denied 23 NY3d 1041 [2014]; see People v Echevarria, 136 AD3d 589 [1st Dept 2016], lv denied 27 NY3d 1131 [2016]).
Here, in arguing that the Penal Law art 265 justification charge should have been read to the jury, defendant focuses on sections in the record that he says suggest that he had returned all of the merchandise before the manager marched him to the front of the store. The implication seems to be that the manager was in a rage and had the singular goal of harming defendant. Defendant seeks to buttress this theory by pointing to the cashier's testimony that the manager was "threatening" him. However, even viewing the facts in the light most favorable to defendant, defendant's argument that the manager was the aggressor ignores the absence of any basis for finding that he ever brandished the tool in a manner indicating that he intended to use it against defendant proactively. To the contrary, the manager's "threat" confirms that he demonstrated no intention to use the box cutter until he saw defendant pull out the needle, and even then he demonstrated no intention to use it unless defendant stabbed him with the needle. Further, defendant's statement that he could not go to jail because he had AIDS strengthens the notion that he was the aggressor.
Defendant also points to the lack of clarity in the record, especially in the cashier's testimony, concerning whether the store manager had the box cutter in his hand during the entirety of the incident, including at the time when defendant first pulled out the syringe. The manager admitted that it was possible that he did, since he had been opening boxes immediately before the incident began. However, he testified that he never extended the blade out of its case. People's Exhibit "L," a low-definition still image taken from surveillance video of the incident that shows the manager's right arm raised with the box cutter in his right hand, does not appear to show the blade of the box cutter. Further, the manager testified, without challenge, that his thumb would have been at the top of the box cutter if the blade was out, and the image shows his thumb at the bottom of the instrument. Moreover, the previous still, Exhibit "K," shows defendant's right arm raised, with his hand appearing to clutch something, and the manager does not have his right arm raised in that picture. In any event, the critical issue is whether defendant [*3]had a reasonable belief that the manager intended to use the box cutter against him before he stabbed the manager with the syringe. As explained above, there is no evidence that such a belief would have been reasonable.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 17, 2020
CLERK



Footnotes

Footnote 1: The charge reads in full: "The defense of justification does not apply to this crime because that defense applies only to the use of force. You may, however, in determining whether or not the defendant had the intent required for this crime consider the following:
"The use of a [weapon] to engage in conduct that is justifiable under the law is not unlawful. Thus, an intent to use a [weapon] against another justifiably is not an intent to use it unlawfully.
"Therefore, to find the defendant guilty of this crime, you must find beyond a reasonable doubt that he/she possessed the [weapon] with the intent to use it against another unlawfully and not solely with the intent to use it justifiably."