People v Bah (2024 NY Slip Op 04831)

People v Bah

2024 NY Slip Op 04831

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Ind No. 1474/18 Appeal No. 2711 Case No. 2020-00217 

[*1]The People of the State of New York, Respondent,
v
Lamarana Bah, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Sarah Vendzules of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Judgment, Supreme Court, New York County (Michele Rodney, J.), rendered September 23, 2019, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term 3 to 6 years, unanimously affirmed.
The court properly denied defendant's request to issue a justification charge to the jury, as defendant was only charged with a possessory offense (see People v Pons, 68 NY2d 264, 267 [1986]; People v Berrocal, 220 AD3d 425, 426 [1st Dept 2023], lv denied 40 NY3d 1038 [2023]). As an alternative holding, we find that the court properly concluded that there was no reasonable view of the evidence supporting a conclusion that a reasonable person in defendant's circumstances would have believed that the exercise of force was necessary to protect themselves from the use or imminent use of unlawful force (see Penal Law § 35.15(1); People v Brown, 33 NY3d 316, 321 [2019]; People v Umali, 10 NY3d 417, 425 [2008], cert denied 556 US 1110 [2009]).
As for defendant's request that the court issue an intent to use unlawfully and justification charge, we also find that defendant did not propose a reasonable view of the evidence supporting that charge (see People v Gordineer, 181 AD3d 505, 507 [1st Dept 2020], lv denied 35 NY3d 1027 [2020]; People v Echevarria, 136 AD3d 589, 589 [1st Dept 2016], lv denied 27 NY3d 1131 [2016]). As an alternative holding, we find no grounds for reversal, since there was no reasonable possibility that the court's charge misled the jury as to the People's burden (see People v Richardson, 115 AD3d 617, 618 [1st Dept 2014] lv denied 23 NY3d 1041 [2014]).
Defendant's Second Amendment challenge is unpreserved (see generally People v Cabrera, 41 NY3d 35 [2023]), and we decline to consider it in the interest of justice. As an alternative holding, we find that the court did not impermissibly burden defendant's Second Amendment rights, and note that contrary to defendant's contention, Penal Law § 265.02(1) does not prohibit defendant from using a weapon for self-defense.
Defendant's challenges to the prosecutor's comments on summation are unpreserved because defendant failed to object, made only general objections, or failed to request further relief after the court sustained objections (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to consider them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024